IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SERGIO BUTLER, MICHAEL EVANS, BAO NGUYEN, JESSE DYER, BRENT ABBINK, and MIGUEL ALVAREZ, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:14CV306 |
| v. | ) ) | |
| LANCASTER COUNTY DEPT OF CORRECTIONS and LANCASTER COUNTY, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court for case management. Surgio[1] Butler is incarcerated at the Lancaster County Jail in Lincoln, Nebraska. He filed a complaint (Filing No. 1) on October 6, 2014, concerning prison conditions at the Lancaster County Jail. The complaint was signed by Butler and also five other prisoners, Michael Evans, Bao Nguyen, Jesse Dyer, Brent Abbink, and Miguel Alvarez.

Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20 are satisfied.

---

[1] The Court will direct the clerk's office to update its records to reflect that the correct spelling of plaintiff's name is Surgio Butler, not Sergio Butler. (*See* inmate trust account statement at Filing No. 6.)

However, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee. *See Cole v. Houston*, No. 4:06cv3314, 2007 WL 1309821 (D. Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, this Court will alert plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation.[2] The Court offers plaintiffs Michael Evans, Bao Nguyen, Jesse Dyer, Brent Abbink, and Miguel Alvarez[3] an opportunity to withdraw from this litigation before the case progresses further. Each of these co-plaintiffs may wish to take the following points into consideration when making his decision:

---

[2] This notice is modeled after the district court's order in *Kirkendall v. Justus*, Case No. 14-cv-772-JPG, 2014 WL 3733971 (S.D.Ill. July 29, 2014) (providing notice to prisoners of the potential negative consequences of joining group litigation).

[3] The Court designates Surgio Butler, who delivered the complaint to the Court and whose name is listed first on the pleadings, as the "lead plaintiff" for purposes of this order because the complaint and other documents filed to date indicate that he has taken the initiative to bring this action.

- **He must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint**.

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike[4] if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

---

[4] As set forth in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring a civil action in forma pauperis if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Such dismissals constitute "strikes" under the PLRA.

Plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs.  As long as plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself.  See Fed. R. Civ. P. 11.  A non-attorney cannot file or sign papers for another litigant.  Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

IT IS ORDERED:

1.   The non-lead plaintiffs -- Michael Evans, Bao Nguyen, Jesse Dyer, Brent Abbink, and Miguel Alvarez -- shall have 30 days from the date of entry of this order in which to advise the Court whether he wishes to continue as a plaintiff in this group action.  If, by that deadline, any non-lead plaintiff advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[5]  **This is the only way to avoid the obligation to pay a $350 filing fee for this action.**

---

[5] As the lead plaintiff, Surgio Butler may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed.  See 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Alternatively, if any plaintiff (including lead plaintiff Surgio Butler) wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee will be assessed.

2. **Any non-lead plaintiff who simply does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under [Federal Rule of Civil Procedure 41(b)](.).**

3. Plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

4. Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the Court informed of any change in his address.

5. The clerk's office is directed to update its records to reflect that the correct spelling of plaintiff Surgio Butler's name.

6. The clerk's office is directed to set the following pro se case management deadline in this matter: December 1, 2014:  Check for responses from non-lead plaintiffs.

DATED this 29th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.