IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SERGIO BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV306 |
| | ) | |
| v. | ) | |
| | ) | |
| LANCASTER COUNTY DEPARTMENT | ) | MEMORANDUM AND ORDER |
| OF CORRECTIONS and LANCASTER | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was filed by six prisoner plaintiffs on
October 6, 2014 (Filing No. 1).  All but one has been dismissed
from the action.  The only remaining plaintiff, Surgio Butler,
has been granted leave to proceed in forma pauperis (Filing No.
56).  The Court now conducts an initial review of Butler's claims
to determine whether summary dismissal is appropriate under 28
U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Butler and five other prisoners incarcerated at the
Lancaster County Jail in Lincoln, Nebraska, sued Lancaster
County, Nebraska, and the Lancaster County Department of
Corrections concerning the conditions of their confinement at the
jail.  They complained that (1) the smell of methane gas in the
jail causes headaches, (2) violent offenders are housed in the
same units as non-violent offenders, (3) they are denied adequate

medical care, (4) they are denied religious services, (5) the law library is inadequate, and (6) they are unable to "obtain copies of motions."  (Filing No. 1 at CM/ECF pp. 2-3.)  As relief, they asked the Court to "oversee" that the issues raised in the Complaint "be corrected." (*Id.* at CM/ECF p. 5.)

In later-filed correspondence signed only by Butler, Butler raised issues set forth in the original complaint, and also alleged he was not allowed to speak to a supervisor at the Ombudsman's Office (Filing No. 27), Lancaster County officials denied him a "civil suite paper" (Filing No. 29), and inmates are not tested for communicable diseases or pathogens when they are admitted to the jail (Filing No. 48).  In later-filed correspondence signed by Butler, some of the original prisoner plaintiffs, and other nonparty prisoners, complained there is a smell of methane gas in the jail, non-violent offenders are housed with violent offenders, and inmate request forms are frequently "lost in the mix."  (Filing No. 38.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any

-2-

portion thereof that states a frivolous or malicious claim, that
fails to state a claim upon which relief may be granted, or that
seeks monetary relief from a defendant who is immune from such
relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth
enough factual allegations to "nudge[] their claims across the
line from conceivable to plausible, their complaint must be
dismissed" for failing to state a claim upon which relief can be
granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70
(2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and
setting new standard for failure to state a claim upon which
relief may be granted). Regardless of whether a plaintiff is
represented or is appearing pro se, the plaintiff's complaint
must allege specific facts sufficient to state a claim. *See*
*Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However,
a pro se plaintiff's allegations must be construed liberally.
*Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043,
1043-44 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims.
To state a claim under 42 U.S.C. § 1983, a plaintiff must allege
a violation of rights protected by the United States Constitution
or created by federal statute and also must show that the alleged
deprivation was caused by conduct of a person acting under color

-3-

of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

The complaint and the numerous supplements to the complaint are deficient in at least two respects as they pertain to Butler.  First, it is unclear from the allegations what claims pertain to *Butler's* legal rights or interests.  Pro se litigants may not represent the interests of other parties.  *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013).  Moreover, in order for a plaintiff to proceed with his claims, he must have standing.  As a general rule, to establish standing a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Butler, as the only remaining plaintiff, must assert only his legal rights and interests and not the legal rights and interests of third parties.

Second, the complaint fails to state a claim against defendants.  For a municipality to be found liable under § 1983, "individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).  A municipality or government entity cannot be held vicariously liable for the actions of one of its agents.

*Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 674 (8th
Cir. 2007).  Rather, there must be a showing a governmental
employee was acting in accordance with a government policy or
custom in order for liability to attach to the municipality under
§ 1983.  *Id.*

"Official policy involves 'a deliberate choice to
follow a course of action made from among various alternatives'
by an official who has the final authority to establish
governmental policy."  *Jane Doe A By and Through Jane Doe B v.
Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th
Cir. 1990)(quoting *Pembaur v City of Cincinnati*, 475 U.S. 469,
483 (1986)).

In order to establish the existence of a governmental
custom, a plaintiff must prove:

> 1)   The existence of a continuing,
>      widespread, persistent pattern of
>      unconstitutional misconduct by the
>      governmental entity's employees;
>
> 2)   Deliberate indifference to or tacit
>      authorization of such conduct by the
>      governmental entity's policymaking
>      officials after notice to the officials
>      of that misconduct; and
>
> 3)   That plaintiff was injured by acts
>      pursuant to the governmental entity's
>      custom, i.e., that the custom was the

> moving force behind the
> constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Butler has not asked the Court to make a finding of individual liability against any Lancaster County employee -- a step necessary for a finding of municipal liability.  *See McCoy, 411 F.3d at 922*.  Butler also does not assert that the alleged constitutional violations occurred because county officials were acting in accordance with official government policy or that any individual who carried out the actions against Butler was responsible for establishing an official policy.  In addition, Butler does not allege there was a continuing, widespread, persistent pattern of unconstitutional misconduct by the county or its employees, or that county policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct.  Finally, Butler does not allege that an unconstitutional custom was the moving force behind his injuries.  Accordingly, he has failed to allege sufficient facts to state a claim for relief against Lancaster County or the Lancaster County Department of Corrections.

On the Court's own motion, Butler will have an opportunity to file an amended complaint that states a plausible claim for relief against Lancaster County, Nebraska, names any

-6-

other proper defendants, and sets forth only his legal rights and interests.  **Butler's claims must be presented in one document (i.e., the amended complaint), and not in numerous briefs, motions, and correspondences.**

### IV.  MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion to appoint counsel (Filing No. 30).  Counsel cannot be routinely appointed in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]"  *Id.* (internal citation and quotation marks omitted).  No such benefit is apparent here at this time.  Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS ORDERED:

1.  Butler has 30 days to file an amended complaint in accordance with this order.  This matter will be dismissed without prejudice and without further notice if Butler fails to file an amended complaint in accordance with this order. **Butler's claims must be presented in one document (i.e., the**

**amended complaint), and not in numerous briefs, motions, and correspondences.**

2.  The clerk's office is directed to set a pro se case management deadline in this matter:  April 13, 2015:  Check for amended complaint.

3.  The Court will conduct further review of any amended complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

4.  Butler's notion to appoint counsel (Filing No. 30) is denied without prejudice to reassertion.

DATED this 13th day of March, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.