IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SERGIO BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV306 |
| | ) | |
| v. | ) | |
| | ) | |
| LANCASTER COUNTY DEPT OF CORRECTIONS and LANCASTER COUNTY, | ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on pre-service screening of Surgio Butler's Amended Complaint (Filing No. 66). On March 13, 2015, the Court ordered Butler to file an amended complaint "that states a plausible claim for relief against Lancaster County, Nebraska, names any other proper defendants, and sets forth only his legal rights and interests." (Filing No. 60 at CM/ECF pp. 6-7.) Butler was advised that his claims were to be presented in one document (i.e., the amended complaint), and not in numerous briefs, motions, and correspondences. (*See* Filing No. 60 at CM/ECF p. 7.)

Butler filed his Amended Complaint on April 9, 2015. He did not name any additional defendants in his Amended Complaint. Therefore, the Court considers as defendants only the parties named in the Complaint: Lancaster County, Nebraska, and the Lancaster County Department of Corrections.

Butler alleged in his Amended Complaint that: (1) jail staff have not tested him for communicable diseases; (2) jail staff denied him a copy of his medical history; (3) he constantly smells what he believes to be methane gas; (4) jail staff house him with "people who stand [a]ccused of [h]igh [p]rofile murder cases;" and (5) a prison guard refused to allow Butler's infant daughter to drink her bottle during a "video visit" at the jail. (*See* Filing No. 66.)

Butler's Amended Complaint does not state a claim upon which relief may be granted against Lancaster County. A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Butler made no such allegations in this case despite having been advised in the Court's previous order that a municipality may not be held vicariously liable for the actions of its agents. (*See* Filing No. 60 at CM/ECF pp. 4-5.)

For the reasons set forth above and in the court's order dated March 13, 2015, this matter will be dismissed without prejudice, and both pending motions (Filing Nos. 44 and 65) will

be denied as moot.  A separate judgment will be entered in accordance with this memorandum opinion.

DATED this 8th day of May, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.